


# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
### Southern Division

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC | * | |
| and | * | |
| INTELLECTUAL VENTURES II LLC<br>3150 139th Ave SE<br>Bellevue, Washington 98005 | *<br><br>* | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. _____ |
| CAPITAL ONE FINANCIAL CORPORATION,<br>CAPITAL ONE BANK (USA), NATIONAL<br>ASSOCIATION, and CAPITAL ONE,<br>NATIONAL ASSOCIATION<br>1680 Capital One Drive<br>McLean, Virginia 22102 | *<br><br>*<br><br>*<br><br>* | JURY TRIAL DEMANDED |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

Plaintiffs Intellectual Ventures I LLC ("Intellectual Ventures I") and Intellectual Ventures II LLC ("Intellectual Ventures II") for their complaint against defendants Capital One Financial Corporation ("COFC"), Capital One Bank (USA), National Association ("COBNA") and Capital One, National Association ("CONA"), allege as follows:

### NATURE OF ACTION

1.   This is an action for patent infringement arising under Title 35 of the United States Code, seeking monetary damages and other relief against defendants COFC, COBNA and CONA (collectively

"Capital One" or "Defendants") due to their infringement of Intellectual Ventures I's rights in United States Patent No. 6,819,271 ("the '271 Patent") and United States Patent No. 7,984,081 ("the '081 Patent") and Intellectual Venture II's rights in United States Patent No. 6,314,409 ("the '409 Patent"), United States Patent No. 6,546,002 ("the '002 Patent") and United States Patent No. 6,715,084 ("the '084 Patent) (collectively the "Patents-in-Suit").

## PARTIES

2. Plaintiff Intellectual Ventures I is a Delaware limited liability company having its principal place of business located at 3150 139th Ave SE, Bellevue, Washington, 98005.

3. Plaintiff Intellectual Ventures II is a Delaware limited liability company having its principal place of business located at 3150 139th Ave SE, Bellevue, Washington, 98005.

4. Defendant COFC is a Delaware Corporation with a principal place of business at 1680 Capital One Drive, McLean, Virginia 22102.

5. Intellectual Ventures I and Intellectual II are informed and believe, and thereon allege, that Defendant COBNA is a National Association with a principal place of business at 1680 Capital One Drive, McLean, Virginia 22102. Intellectual Ventures I and Intellectual II are informed and believe, and thereon allege, that Defendant COBNA is a wholly owned subsidiary of Defendant COFC.

6. Intellectual Ventures I and Intellectual II are informed and believe, and thereon allege, that Defendant CONA is a National Association with a principal place of business at 1680 Capital One Drive, McLean, Virginia 22102. Intellectual Ventures I and Intellectual II are informed and believe, and thereon allege, that Defendant CONA is a wholly owned subsidiary of Defendant COFC.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because

this dispute is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et. seq.*

8. This Court has personal jurisdiction over the Defendants pursuant to the Maryland Long-Arm Statute, Md. Code Ann., Cts. & Jud. Proc. § 6-103. In particular, long-arm jurisdiction over Defendants exists in Maryland because Defendants, directly or through their agents, transact business in Maryland. *See* Md. Code Ann., Cts & Jud. Proc. § 6-103(b)(1). Additionally, Defendants, directly or through their agents, contract to supply banking and other related services in Maryland and have an interest in, use, or possess real property in Maryland. Md. Code Ann., Cts & Jud. Proc. § 6-103(b)(2) and (b)(5). Further still, Defendants, directly or through their agents, have caused tortious injury in Maryland by directly committing and/or inducing others to infringe the patents of Intellectual Ventures I and Intellectual Ventures II in this State by acts in Maryland as well as by acts committed outside of Maryland which have caused injury in Maryland. Md. Code Ann., Cts & Jud. Proc. § 6-103(b)(3) and (b)(4).

9. This Court has general personal jurisdiction over Defendants because Defendants, directly and through their agents and subsidiaries, conduct substantial and continuous business in this judicial district. Intellectual Ventures I and Intellectual II are informed and believe, and thereon allege, that Capital One is one of the nation's largest banks and is omnipresent in Maryland, offering a broad array of financial products and services to thousands of consumers, small businesses, and commercial clients across Maryland, in branch locations as well as online. Intellectual Ventures I and Intellectual II are informed and believe, and thereon allege, that Maryland is one of the primary jurisdictions where Capital One services banking customer accounts. Defendants, their agents and subsidiaries, have also purposely availed themselves of the benefits, rights, and privileges of conducting business in this State

by, among other activities, engaging resident agents in Maryland and regularly filing actions in the state and federal courts of Maryland.

10. This Court also has specific jurisdiction over Defendants because they have committed acts of infringement giving rise to this action in this judicial district. Furthermore, Defendants have established minimum contacts within this judicial district by using, offering, and selling products and providing services in Maryland, or inducing others to do so in Maryland, which conduct infringes the Patents-in-Suit. Given Capital One's widespread presence in this State, as well as its acts of infringement in Maryland, the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because Defendants have conducted business in this district, have provided services to their customers within this judicial district, and have committed acts of patent infringement giving rise to this action within this judicial district, including in the Southern Division of the District of Maryland.

## BACKGROUND

12. Intellectual Ventures Management, LLC ("Intellectual Ventures") was founded in 2000. Since its founding, Intellectual Ventures has been deeply involved in the business of invention. Intellectual Ventures creates inventions and files patent applications for those inventions; collaborates with others to develop and patent inventions; and acquires and licenses patents from individual inventors, universities and other institutions. A significant aspect of Intellectual Ventures' business is managing the Plaintiffs in this case, Intellectual Ventures I and Intellectual Ventures II.

13. Intellectual Ventures' business includes purchasing important inventions from individual inventors and institutions and then licensing the inventions to those who need them. Through this

business, Intellectual Ventures enables inventors to reap a financial reward from their innovations, which is frequently difficult for individual inventors to do. To date, Intellectual Ventures has purchased more than 70,000 assets and, in the process, has paid individual inventors hundreds of millions of dollars for their inventions. Intellectual Ventures, in turn, has earned more than $3 billion by licensing these patents to some of the world's most innovative and successful technology companies which continue to use them to make computer equipment, software, semiconductor devices, and a host of other products.

14. Intellectual Ventures also creates inventions. Intellectual Ventures has a staff of scientists and engineers who develop ideas in a broad range of fields, including agriculture, computer hardware, life sciences, medical devices, semiconductors, and software. Intellectual Ventures has invested millions of dollars developing such ideas and has filed hundreds of patent applications on its inventions every year, making it one of the top patent filers in the world. Intellectual Ventures has also invested in laboratory facilities to assist with the development and testing of new ideas.

15. Intellectual Ventures also creates inventions by collaborating with inventors and research institutions around the world. For example, Intellectual Ventures has developed inventions by selecting a technical challenge, requesting proposals for inventions to solve the challenge from inventors and institutions, selecting the most promising ideas, rewarding the inventors and institutions for their contributions, and filing patent applications on the ideas. Intellectual Ventures has invested millions of dollars in this way and has created a network of more than 4000 inventors worldwide.

16. On November 16, 2004, the '271 Patent, titled "Parallel Compression and Decompression System and Method Having Multiple Parallel Compression and Decompression Engines," was duly and lawfully issued by the PTO. A copy of the '271 Patent is attached hereto as Exhibit A.

17. On July 19, 2011, the '081 Patent, titled "System and Method for Non-Programmers to

Dynamically Manage Multiple Sets of XML Document Data" was duly and lawfully issued by the PTO. A copy of the '081 Patent is attached hereto as Exhibit B.

18. On November 6, 2001, the '409 Patent, titled "System For Controlling Access and Distribution of Digital Property," was duly and lawfully issued by the PTO. A copy of the '409 Patent is attached hereto as Exhibit C.

19. On April 8, 2003, the '002 Patent, titled "System and Method for Implementing an Intelligent and Mobile Menu-Interface Agent," was duly and lawfully issued by the PTO. A copy of the '002 Patent is attached hereto as Exhibit D.

20. On March 30, 2004, the '084 Patent, titled "Firewall System and Method Via Feedback From Broad-Scope Monitoring for Intrusion Detection," was duly and lawfully issued by the PTO. A copy of the '084 Patent is attached hereto as Exhibit E.

21. Intellectual Ventures I is the owner and assignee of all right, title and interest in and to the '271 and '081 Patents and holds the right to sue and recover damages for infringement thereof, including past damages.

22. Intellectual Ventures II is the owner and assignee of all right, title and interest in and to the '409, '002, and '084 Patents and holds the right to sue and recover damages for infringement thereof, including past damages.

23. Capital One provides online banking services and other systems and services via electronic means including, but not limited to, the website https://capitalone.com. In connection with these online banking services and other systems and services, Capital One infringes one or more claims of each of the Patents-in-Suit.

## FIRST CLAIM FOR RELIEF
(Infringement of U.S. Patent No. 6,819,271)

24. Intellectual Ventures I realleges paragraphs 1-23, inclusive, as if fully set forth below.

25. Intellectual Ventures I is informed and believes, and thereon alleges, that Defendants have directly infringed and continue to directly infringe, literally and/or under the doctrine of equivalents, at least claim 107 of the '271 Patent by making, using, providing, offering to sell and/or selling parallel data decompression and/or compression features and technology, including within IBM Netezza systems.

26. Intellectual Ventures I has suffered damages as a result of Defendants' infringement of the '271 Patent in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
(Infringement of U.S. Patent No. 7,984,081)

27. Intellectual Ventures I realleges paragraphs 1-23, inclusive, as if fully set forth below.

28. Intellectual Ventures I is informed and believes, and thereon alleges, that Defendants have directly infringed and continue to directly infringe, literally and/or under the doctrine of equivalents, at least claim 21 of the '081 Patent by making, using, providing, offering to sell and/or selling database applications capable of processing XML data, including systems running IBM DB2 software.

29. Intellectual Ventures I has suffered damages as a result of Defendants' infringement of the '081 Patent in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF
(Infringement of U.S. Patent No. 6,314,409)

30. Intellectual Ventures II realleges paragraphs 1-23, inclusive, as if fully set forth below.

31. Intellectual Ventures II is informed and believes, and thereon alleges, that Defendants

have directly infringed and continue to directly infringe, literally and/or under the doctrine of equivalents, at least claims 1 and 24 of the '409 Patent by making, using, providing, offering to sell and/or selling their Credit Card, Debit Card and related Payment Services that use PCI Data Security Standard technology for protecting customer information and account data and their Automated Clearing House ("ACH") services in accordance with NACHA Operating Rules and Guidelines (the "'409 Accused Products or Services").

32. Intellectual Ventures II is informed and believes, and thereon alleges, that Defendants also have and continue to indirectly infringe at least claim 1 of the '409 Patent by inducing others to infringe or contributing to the infringement of others, including in this District and elsewhere in the United States.

33. Intellectual Ventures II is informed and believes, and thereon alleges, that Defendants through at least the website at https://www.sparkpay.com and http://www.capitalone.com/small-business-bank/cash-management/accounts-payable/ actively induced their customers (the "'409 Direct Infringers") to infringe at least claim 1 of the '409 Patent, including at least through the instructions provided through Defendants' website: www.sparkpay.com and http://www.capitalone.com/small-business-bank/cash-management/accounts-payable/.

34. Intellectual Ventures II is informed and believes, and thereon alleges, that Defendants knew or should have known that their conduct would induce the '409 Direct Infringers to openly distribute encrypted portions of payment card data in a manner that directly infringes at least claim 1 of the '409 Patent.

35. Intellectual Ventures II is informed and believes, and thereon alleges, that as a proximate result of Defendants' inducement, the '409 Direct Infringers directly infringed and continue to directly

infringe at least claim 1 of the '409 Patent at least by using the '409 Accused Products or Services, such as using the Payment Services (*e.g.*, Spark Pay) and ACH functionality.

36. Intellectual Ventures II is informed and believes, and thereon alleges, that at least since they knew of the '409 patent, Defendants specifically intended to induce the '409 Direct Infringers to use the Payment Services (*e.g.*, Spark Pay) and ACH functionality in a manner that directly infringes at least claim 1 of the '409 Patent because, among other things, they instruct users on the use of the '409 Accused Products or Services including at least through the instructions provided through Defendants' websites: www.sparkpay.com and http://www.capitalone.com/small-business-bank/cash-management/accounts-payable/, and advertising a variety of online banking and bill pay services to their customers and in order to attract other potential customers.

37. Intellectual Ventures II is informed and believes, and thereon alleges, that at least since Defendants knew of the '409 Patent, Defendants knew or were willfully blind to knowing that the '409 Direct Infringers were using the '409 Accused Products or Services in a way that directly infringes at least claim 1 of the '409 Patent as a result of their inducement of infringement, at least for the reasons that Defendants are in control of their website and the functionality that facilitates openly distributing encrypted portions of payment card data and are able to know that their users and customers are using the technology in an infringing manner.

38. Intellectual Ventures II is informed and believes, and thereon alleges, that Defendants have contributorily infringed and continue to contributorily infringe at least claim 1 of the '409 Patent by providing, selling or offering to sell within the United States infringing systems and services that constitute a material part of the claimed invention and are not staple articles of commerce suitable for substantial non-infringing use.

39. Intellectual Ventures II is informed and believes that Defendants provide a component of the patented machine and/or material or apparatus for practicing a patented process to the '409 Direct Infringers of at least claim 1 of the '409 patent by providing their website and Payment Services (*e.g.*, Spark Pay) and ACH functionality, for example as discussed on their website www.sparkpay.com and http://www.capitalone.com/small-business-bank/cash-management/accounts-payable/ in conjunction with the instructions to customers or potential customers regarding the Spark Pay and ACH functionality.

40. Intellectual Ventures II is informed and believes, and thereon alleges, that '409 Direct Infringers have directly infringed and will directly infringe the '409 Patent in violation of 35 U.S.C. § 271(a).

41. Intellectual Ventures II has provided written notice via letter to Defendants of their infringement of at least claims 1 and 24 of the '409 Patent. Defendants also have received written notice of their infringement by virtue of the filing and service of this Complaint.

42. Intellectual Ventures II is informed and believes that at least as a result of the foregoing written notice and the filing and service of this Complaint, Defendants have knowledge of their infringement of the '409 Patent.

43. Intellectual Ventures II is informed and believes, and thereon alleges, that the '409 Accused Products or Services, such as the accused Payment Services (*e.g.*, Spark Pay) and ACH functionality, constitute a material part of the '409 invention at least because they encrypt and openly transmit portions of payment card data that are received by Capital One, which controls access using the claimed access mechanism.

44. Intellectual Ventures II is informed and believes that the '409 Accused Products or

Services, such as the Spark Pay and ACH functionality, are not staple articles of commerce, and have no substantial non-infringing uses, at least for the reason that the accused aspects of the Spark Pay and ACH functionality are distinct and separate aspects of the overall program and are designed to only substantially perform in a manner that infringes.

45.     Intellectual Ventures II has suffered damages as a result of Defendants' infringement of the '409 Patent in an amount to be proven at trial.

### FOURTH CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 6,546,002)

46.     Intellectual Ventures II realleges paragraphs 1-23, inclusive, as if fully set forth below.

47.     Intellectual Ventures II is informed and believes, and thereon alleges, that Defendants have directly infringed and continue to directly infringe, literally and/or under the doctrine of equivalents, at least claim 34 of the '002 Patent by making, using, providing, offering to sell and/or selling their Mobile Banking and ShareBuilder Applications ("'002 Accused Products or Services").

48.     Intellectual Ventures II is informed and believes, and thereon alleges, that Defendants also have and continue to indirectly infringe at least claim 34 of the '002 Patent by inducing others to infringe or contributing to the infringement of others, including in this District and elsewhere in the United States.

49.     Intellectual Ventures II is informed and believes, and thereon alleges, that Defendants through at least the website at https://bankofcapitalone.com actively induced their customers ("'002 Direct Infringers") to infringe at least claim 34 of the '002 Patent, including at least through the instructions provided through Defendants' website: http://www.capitalone.com/online-banking/mobile/.

50.     Intellectual Ventures II is informed and believes, and thereon alleges, that Defendants knew or should have known that their conduct would induce the '002 Direct Infringers to use the '002

Accused Products or Services in a manner that directly infringes the '002 Patent.

51. Intellectual Ventures II is informed and believes, and thereon alleges, that as a proximate result of Defendants' inducement, the '002 Direct Infringers directly infringed and continue to directly infringe at least claim 34 of the '002 Patent at least by using the '002 Accused Products or Services.

52. Intellectual Ventures II is informed and believes, and thereon alleges, that at least since they knew of the '002 patent, Defendants specifically intended to induce the '002 Direct Infringers to use the '002 Accused Products or Services in a manner that directly infringes at least claim 34 of the '002 Patent because, among other things, they instruct users on the use of the '002 Accused Products or Services including at least through the instructions provided through Defendants' website: http://www.capitalone.com/online-banking/mobile/, and advertising a variety of online banking and bill pay services to their customers and in order to attract other potential customers.

53. Intellectual Ventures II is informed and believes, and thereon alleges, that at least since Defendants knew of the '002 Patent, Defendants knew or were willfully blind to knowing that the '002 Direct Infringers were using the '002 Accused Products or Services in a way that directly infringes at least claim 34 of the '002 Patent as a result of their inducement of infringement, at least for the reasons that Defendants are in control of their website and the functionality that facilitates use of the '002 Accused Products or Services and are able to know that their users and customers are using the technology in an infringing manner.

54. Intellectual Ventures II is informed and believes, and thereon alleges, that Defendants have contributorily infringed and continue to contributorily infringe at least claim 34 of the '002 Patent by providing, selling or offering to sell within the United States infringing systems and services that constitute a material part of the claimed invention and are not staple articles of commerce suitable for

substantial non-infringing use.

55. Intellectual Ventures II is informed and believes that Defendants provide a component of the patented machine and/or material or apparatus for practicing a patented process to the '409 Direct Infringers of at least claim 34 of the '002 Patent by providing their website and the '002 Accused Products or Services, for example as discussed on their website http://www.capitalone.com/online-banking/mobile/ in conjunction with the instructions to customers or potential customers regarding the '002 Accused Products or Services.

56. Intellectual Ventures II is informed and believes, and thereon alleges, that '002 Direct Infringers have directly infringed and will directly infringe the '002 Patent in violation of 35 U.S.C. § 271(a).

57. Intellectual Ventures II has provided written notice via letter to Defendants of their infringement of at least claim 34 of the '002 Patent. Defendants also have received written notice of their infringement by virtue of the filing and service of this Complaint.

58. Intellectual Ventures II is informed and believes that at least as a result of the foregoing written notice and the filing and service of this Complaint, Defendants have knowledge of their infringement of the '002 Patent.

59. Intellectual Ventures II is informed and believes, and thereon alleges, that the '002 Accused Products or Services constitute a material part of the '002 invention at least because such products and services inherently provide a mobile interface that is adapted to move from one local device to another and includes pointers to user specific resources and information on either the local device or the network server.

60. Intellectual Ventures II is informed and believes that the '002 Accused Products or

Services are not staple articles of commerce, and have no substantial non-infringing uses, at least for the reason that the accused aspects of the '002 Accused Products or Services are distinct and separate aspects of the overall program and are designed to only substantially perform in a manner that infringes.

61. Intellectual Ventures II has suffered damages as a result of Defendants' infringement of the '002 Patent in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 6,715,084)

62. Intellectual Ventures II realleges paragraphs 1-23, inclusive, as if fully set forth below.

63. Intellectual Ventures II is informed and believes, and thereon alleges, that Defendants have directly infringed and continue to directly infringe, literally and/or under the doctrine of equivalents, at least claim 26 of the '084 Patent by making, using, providing, offering to sell and/or selling their Financial Institution Services that use PCI Data Security Standard compliant network intrusion detection and prevention technologies, including networks protected by CheckPoint gateways and/or Cisco ASA or similar intrusion detection implementing technologies.

64. Intellectual Ventures II has suffered damages as a result of Defendants' infringement of the '084 Patent in an amount to be proven at trial.

WHEREFORE, Plaintiffs Intellectual Ventures I and Intellectual Ventures II request that judgment be entered in their favor and against the Defendants as follows:

a. a judgment in favor of Intellectual Ventures I that Defendants have infringed the '271 Patent;

b. A judgment in favor of Intellectual Ventures I that Defendants have infringed the '081 Patent;

c. A judgment that Intellectual Ventures I be awarded damages adequate to compensate it for Defendants' past infringement and any continuing or future infringement of the '271 Patent and the '081 Patent up until the date such judgment is entered, including pre-judgment and post-judgment interest, costs and disbursements; and, if necessary to adequately compensate Intellectual Ventures I for Defendants' infringement, an accounting;

d. A judgment in favor of Intellectual Ventures II that Defendants have infringed the '409 Patent;

e. A judgment in favor of Intellectual Ventures II that Defendants have infringed the '002 Patent;

f. A judgment in favor of Intellectual Ventures II that Defendants have infringed the '084 Patent;

g. A judgment that Intellectual Ventures II be awarded damages adequate to compensate it for Defendants' past infringement and any continuing or future infringement of the '409 Patent, the '002 Patent and '084 Patent up until the date such judgment is entered, including pre-judgment and post-judgment interest, costs and disbursements; and, if necessary to adequately compensate Intellectual Ventures II for Defendants' infringement, an accounting;

h. Awarding Intellectual Ventures I and Intellectual Ventures II attorneys' fees, costs and expenses incurred in prosecuting this action; and

i. Awarding Intellectual Ventures I and Intellectual Ventures II such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Intellectual Ventures I and Intellectual Ventures II hereby demand trial by jury on all claims and issues so triable.

Dated: January 15, 2014

Respectfully submitted,

_____
Michael E. McCabe, Jr. (Bar No. 10693)
mmccabe@fblaw.com
Bryan D. Bolton (Bar No. 02112)
bbolton@fblaw.com

FUNK & BOLTON, P.A.
36 South Charles Street, Twelfth Floor
Baltimore, Maryland 21201-3111
(410) 659-7700 (telephone)
(410) 659-7773 (facsimile)

*Attorneys for Plaintiffs, Intellectual Ventures I and Intellectual Ventures II*

Of Counsel:

Ian N. Feinberg
ifeinberg@feinday.com
Margaret Elizabeth Day
eday@feinday.com
David L. Alberti
dalberti@feinday.com
Clayton Thompson
cthompson@feinday.com
Sal Lim
slim@feinday.com
Yakov Zolotorev
yzolotorev@feinday.com
Marc Belloli
mbelloli@feinday.com

FEINBERG DAY ALBERTI &
THOMPSON LLP
401 Florence Street, Suite 200
Palo Alto, CA 94301
Telephone: (650) 618.4360
Facsimile: (650) 618.4368

20147.001:160015-v1