**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Southern Division**

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC, | ) ) ) |
| Plaintiffs, | ) Civil Action No. 8-14-cv-00111 ) ) |
| v. | ) Hon. Paul W. Grimm ) |
| CAPITAL ONE FINANCIAL CORPORATION, CAPITAL ONE BANK (USA), NATIONAL ASSOCIATION and CAPITAL ONE, NATIONAL ASSOCIATION, | ) ) **JURY TRIAL DEMANDED** ) ) ) ) |
| Defendants/Counterclaimants. | ) ) |

## THE CAPITAL ONE DEFENDANTS' ANSWER
## AND DEFENSES TO ORIGINAL COMPLAINT

Defendants Capital One Financial Corporation, Capital One Bank (USA), National Association and Capital One, National Association (collectively the "Capital One Defendants" or "Capital One"), by and through their undersigned counsel, respectfully submit their Answer and Defenses to Plaintiffs Intellectual Ventures I LLC ("IV I") and Intellectual Ventures II LLC ("IV II") (collectively, "Plaintiffs")'s Complaint dated January 15, 2014 ("Complaint"). To the extent not expressly admitted, all allegations in the Complaint are denied. The Capital One Defendants allege upon information and belief as follows:

## NATURE OF THE ACTION

1.      Answering Paragraph 1, the Capital One Defendants admit that this is an action that purports to be for patent infringement arising under Title 35 of the United States Code. The Capital One Defendants deny that they have infringed Intellectual Ventures I's alleged rights in

U.S. Patent Nos. 6,819,271 ("the '271 Patent") or 7,984,081 ("the '081 Patent"); or Intellectual

Ventures II's alleged rights in U.S. Patent Nos. 6,314,409 ("the '409 Patent"), 6,546,002 ("the

'002 Patent"), or 6,715,084 ("the '084 Patent") (collectively the "Patents-in-Suit") and further

deny that Plaintiffs are entitled to any monetary damages or other relief they seek against Capital

One.  The Capital One Defendants deny any remaining allegations in Paragraph 1.

<u>PARTIES</u>

2.      Answering Paragraph 2, the Capital One Defendants are without knowledge or

information sufficient to form a belief as to the truth of the allegations set forth therein, and on

that basis deny them.

3.      Answering Paragraph 3, the Capital One Defendants are without knowledge or

information sufficient to form a belief as to the truth of the allegations set forth therein, and on

that basis deny them.

4.      Answering Paragraph 4, the Capital One Defendants admit that Capital One

Financial Corporation is a Delaware corporation with its principal place of business at 1680

Capital One Drive, McLean, Virginia 22102.

5.      Answering Paragraph 5, the Capital One Defendants admit that Capital One Bank

(USA), National Association is a National Association with its principal place of business at

4851 Cox Road, Glen Allen, Virginia 23060 and that it is a subsidiary of Capital One Financial

Corporation.

6.      Answering Paragraph 6, the Capital One Defendants admit that Capital One,

National Association is a National Association with its principal place of business at 1680

Capital One Drive, McLean, Virginia 22102 and that it is a subsidiary of Capital One Financial

Corporation.

**JURISDICTION AND VENUE**

7.     Answering Paragraph 7, the Capital One Defendants admit that if Plaintiffs were to have standing to assert the Patents-in-Suit in their own names, this Court would have subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a), inasmuch as the Complaint purports to state claims for patent infringement arising under the patent laws of the United States.  The Capital One Defendants deny that Plaintiffs' claims against the Capital One Defendants have any factual or legal basis.

8.     Answering Paragraph 8, the Capital One Defendants admit that Capital One transacts business in Maryland.  The Capital One Defendants further admit that Capital One contracts to supply banking services and has interests in real property in Maryland.  The Capital One Defendants deny any remaining allegations in Paragraph 8.  To the extent that Paragraph 8 contains conclusions of law as opposed to allegations of fact, no answer is required.

9.     Answering Paragraph 9, the Capital One Defendants admit that Capital One conducts business in Maryland, including in this judicial district.  The Capital One Defendants further admit that Capital One engages resident agents in Maryland and utilizes state and federal courts of Maryland.  The Capital One Defendants deny any remaining allegations in Paragraph 9. To the extent that Paragraph 9 contains conclusions of law as opposed to allegations of fact, no answer is required.

10.     Answering Paragraph 10, the Capital One Defendants deny that they have committed acts of patent infringement giving rise to this action, whether within or without this district.  The Capital One Defendants admit that Capital One conducts business in Maryland. The Capital One Defendants deny any remaining allegations in Paragraph 10.  To the extent that Paragraph 10 contains conclusions of law as opposed to allegations of fact, no answer is required.

11.     Answering Paragraph 11, the Capital One Defendants deny that they have committed acts of patent infringement giving rise to this action, whether within or without this district.  The Capital One Defendants admit that the Complaint purports to base venue in this district on 28 U.S.C. §§ 1391(b)-(c) and 1400(b); however the Capital One Defendants deny that this district is the most appropriate or convenient forum to exercise jurisdiction over this case. The Capital One Defendants deny any remaining allegations in Paragraph 11.  To the extent that Paragraph 11 contains conclusions of law as opposed to allegations of fact, no answer is required.

## BACKGROUND

12.     Answering Paragraph 12, the Capital One Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, and on that basis deny them.

13.     Answering Paragraph 13, the Capital One Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, and on that basis deny them.

14.     Answering Paragraph 14, the Capital One Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, and on that basis deny them.

15.     Answering Paragraph 15, the Capital One Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, and on that basis deny them.

16.     Answering Paragraph 16, the Capital One Defendants admit that on its face, the '271 Patent attached to the Complaint as Exhibit A is titled "Parallel Compression and Decompression System and Method Having Multiple Parallel Compression and Decompression

Engines" and has an issue date of November 16, 2004, but deny that it was duly and lawfully issued by the PTO. The Capital One Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16, and on that basis deny them.

17.     Answering Paragraph 17, the Capital One Defendants admit that on its face, the '081 Patent attached to the Complaint as Exhibit B is titled "System and Method for Non-Programmers to Dynamically Manage Multiple Sets of XML Document Data" and has an issue date of July 19, 2011, but deny that it was duly and lawfully issued by the PTO. The Capital One Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17, and on that basis deny them.

18.     Answering Paragraph 18, the Capital One Defendants admit that on its face, the '409 Patent attached to the Complaint as Exhibit C is titled "System for Controlling Access and Distribution of Digital Property" and has an issue date of November 6, 2001, but deny that it was duly and lawfully issued by the PTO. The Capital One Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18, and on that basis deny them.

19.     Answering Paragraph 19, the Capital One Defendants admit that on its face, the '002 Patent attached to the Complaint as Exhibit D is titled "System and Method for Implementing an Intelligent and Mobile Menu-Interface Agent" and has an issue date of April 8, 2003, but deny that it was duly and lawfully issued by the PTO. The Capital One Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19, and on that basis deny them.

20.     Answering Paragraph 20, the Capital One Defendants admit that on its face, the '084 Patent attached to the Complaint as Exhibit E is titled "Firewall System and Method Via Feedback from Broad-Scope Monitoring for Intrusion Detection" and has an issue date of March 30, 2004, but deny that it was duly and lawfully issued by the PTO.  The Capital One Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20, and on that basis deny them.

21.     Answering Paragraph 21, the Capital One Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, and on that basis deny them.

22.     Answering Paragraph 22, the Capital One Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, and on that basis deny them.

23.     Answering Paragraph 23, the Capital One Defendants admit that one of more of them provide certain banking and financial services via the World Wide Web.  The Capital One Defendants deny that they infringe one or more claims of the Patents-in-Suit in connection with these services or any other services.   The Capital One Defendants deny any remaining allegations in Paragraph 23.

## FIRST CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 6,819,271)[1]

24.     Answering Paragraph 24, the Capital One Defendants restate and incorporate by reference their responses to the allegations of Paragraphs 1-23 of the Complaint as if fully set forth herein.

25.     The Capital One Defendants deny the allegations in Paragraph 25.

--------------------------------

[1] The Capital One Defendants deny the allegations embedded in this subheading.

26.     The Capital One Defendants deny the allegations in Paragraph 26.

## SECOND CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 7,984,081)[2]

27.     Answering Paragraph 27, the Capital One Defendants restate and incorporate by reference their responses to the allegations of Paragraphs 1-23 of the Complaint as if fully set forth herein.

28.     The Capital One Defendants deny the allegations in Paragraph 28.

29.     The Capital One Defendants deny the allegations in Paragraph 29.

## THIRD CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 6,314,409)[3]

30.     Answering Paragraph 30, the Capital One Defendants restate and incorporate by reference their responses to the allegations of Paragraphs 1-23 of the Complaint as if fully set forth herein.

31.     The Capital One Defendants deny the allegations in Paragraph 31.

32.     The Capital One Defendants deny the allegations in Paragraph 32.

33.     The Capital One Defendants deny the allegations in Paragraph 33.

34.     The Capital One Defendants deny the allegations in Paragraph 34.

35.     The Capital One Defendants deny the allegations in Paragraph 35.

36.     The Capital One Defendants deny the allegations in Paragraph 36.

37.     The Capital One Defendants deny the allegations in Paragraph 37.

38.     The Capital One Defendants deny the allegations in Paragraph 38.

39.     The Capital One Defendants deny the allegations in Paragraph 39.

40.     The Capital One Defendants deny the allegations in Paragraph 40.

---

[2] The Capital One Defendants deny the allegations embedded in this subheading.

[3] The Capital One Defendants deny the allegations embedded in this subheading.

41.     Answering Paragraph 41, the Capital One Defendants admit that IV II's counsel purportedly sent a letter, which on its face was dated January 14, 2014—only a day before the Complaint was filed—to Capital One in-house counsel alleging infringement of claims 1 and 24 of the '409 patent.  The Capital One Defendants further admit that they have received a copy of the Complaint.  The Capital One Defendants deny any remaining allegations in Paragraph 41.

42.     The Capital One Defendants deny the allegations in Paragraph 42.

43.     The Capital One Defendants deny the allegations in Paragraph 43.

44.     The Capital One Defendants deny the allegations in Paragraph 44.

45.     The Capital One Defendants deny the allegations in Paragraph 45.

### FOURTH CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 6,546,002)[4]

46.     Answering Paragraph 46, the Capital One Defendants restate and incorporate by reference their responses to the allegations of Paragraphs 1-23 of the Complaint as if fully set forth herein.

47.     The Capital One Defendants deny the allegations in Paragraph 47.

48.     The Capital One Defendants deny the allegations in Paragraph 48.

49.     The Capital One Defendants deny the allegations in Paragraph 49.

50.     The Capital One Defendants deny the allegations in Paragraph 50.

51.     The Capital One Defendants deny the allegations in Paragraph 51.

52.     The Capital One Defendants deny the allegations in Paragraph 52.

53.     The Capital One Defendants deny the allegations in Paragraph 53.

54.     The Capital One Defendants deny the allegations in Paragraph 54.

55.     The Capital One Defendants deny the allegations in Paragraph 55.

---

[4] The Capital One Defendants deny the allegations embedded in this subheading.

56.     The Capital One Defendants deny the allegations in Paragraph 56.

57.     Answering Paragraph 57, the Capital One Defendants admit that IV II's counsel purportedly sent a letter, which on its face was dated January 14, 2014—only a day before the Complaint was filed—to Capital One in-house counsel alleging infringement of claim 34 of the '002 patent.  The Capital One Defendants further admit that they have received a copy of the Complaint.  The Capital One Defendants deny any remaining allegations in Paragraph 57.

58.     The Capital One Defendants deny the allegations in Paragraph 58.

59.     The Capital One Defendants deny the allegations in Paragraph 59.

60.     The Capital One Defendants deny the allegations in Paragraph 60.

61.     The Capital One Defendants deny the allegations in Paragraph 61.

## FIFTH CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 6,715,084)[5]

62.     Answering Paragraph 62, the Capital One Defendants restate and incorporate by reference their responses to the allegations of Paragraphs 1-23 of the Complaint as if fully set forth herein.

63.     The Capital One Defendants deny the allegations in Paragraph 63.

64.     The Capital One Defendants deny the allegations in Paragraph 64.

## RESPONSE TO PLAINTIFFS' REQUEST FOR JUDGMENT

Answering Plaintiffs' request for judgment, the Capital One Defendants deny that they infringe or have infringed any valid and enforceable claim of the Patents-in-Suit.  The Capital One Defendants also deny that Plaintiffs are entitled to any relief requested against Capital One, including damages, interest, costs, disbursements, an accounting, attorneys' fees, expenses,

---

[5] The Capital One Defendants deny the allegations embedded in this subheading.

and/or any other relief of any kind.  The Capital One Defendants deny that Plaintiffs are entitled to the relief requested in Paragraphs (a) through (i) of Plaintiffs' request for judgment.

## JURY TRIAL DEMANDED

Answering Plaintiffs' demand for jury trial, the Capital One Defendants acknowledge that Plaintiffs demand a trial by jury on all issues so triable.

## GENERAL DENIAL

The Capital One Defendants deny each and every allegation contained in the Complaint to which the Capital One Defendants have not specifically responded or expressly admitted.

## DEFENSES

Subject to the responses above, the Capital One Defendants allege and assert the following defenses in response to the allegations set forth in the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition to the defenses and affirmative defenses set forth below, and subject to its responses above, the Capital One Defendants specifically maintain the right to allege additional defenses pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that now exist or in the future may become known through the course of litigation discovery and further factual investigation in this case.

## FIRST DEFENSE
### (Failure to State a Claim)

Plaintiffs have failed to state a claim upon which relief can be granted.

## SECOND DEFENSE
### (Non-Infringement)

The Capital One Defendants are not infringing and have not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any

valid, enforceable claim of the Patents-in-Suit.  The Capital One Defendants have no liability for alleged infringement of the Patents-in-Suit.  To the extent that Plaintiffs assert that the Capital One Defendants indirectly infringe, either by contributory infringement or inducement of infringement, none of the Capital One Defendants is liable to Plaintiffs for the acts alleged to have been performed before such Capital One Defendant knew that its actions would cause indirect infringement.

### THIRD DEFENSE
**(Invalidity)**

One or more claims of the Patents-In-Suit are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112.

### FOURTH DEFENSE
**(Waiver, Laches, Estoppel)**

Plaintiffs' claims for relief are barred, in whole or in part, by the doctrines of waiver, laches, and/or estoppel.  At a minimum, Plaintiffs are barred from recovering any presuit damages as a result of waiver, laches, and/or estoppel.

### FIFTH DEFENSE
**(Express or Implied License, Patent Exhaustion)**

Plaintiffs' claims for relief are barred, in whole or in part, by any express or implied license to the Patents-in-Suit Capital One and/or other entities supplying, directly or indirectly, any allegedly infringing services or products to Capital One may have and/or by the doctrine of patent exhaustion.

## SIXTH DEFENSE
### (Prosecution History Estoppel, Prosecution Disclaimer)

Plaintiffs' claims for relief are barred, in whole or in part, by the doctrines of prosecution

history estoppel and/or prosecution disclaimer.

## SEVENTH DEFENSE
### (Limitations on Damages)

Any claim by Plaintiffs' for damages is limited under 35 U.S.C. §§ 286 and 287.

## EIGHTH DEFENSE
### (No Injunctive Relief)

Any claim by Plaintiffs for relief in equity are barred to the extent that Plaintiffs seek

injunctive relief because, at a minimum, there exist adequate remedies at law and because

Plaintiffs' claims otherwise fail to meet the requirements for such relief, including at least that

Plaintiffs have not and will not suffer irreparable harm.

## NINTH DEFENSE
### (Impermissible Venue)

Venue in this district is improper and/or inconvenient.

## TENTH DEFENSE
### (Failure to Mitigate)

Plaintiffs had a duty to mitigate its alleged damages and failed to do so.  Their damages

are therefore either barred or reduced.

## ELEVENTH DEFENSE
### (Unclean Hands)

Plaintiffs' claims for relief and pre-suit damages are barred, in whole or in part, by the

doctrine of unclean hands.  Plaintiffs' allegations regarding the '409 and '084 patents, for

example, appear to be based on compliance with the PCI Data Security Standard.  At least to the

extent that these patents are standards-essential and/or have been declared as standards-essential,

Plaintiffs may be in violation of a covenant-not-to-sue and/or other obligations relating to the PCI Data Security Standard.

**TWELFTH DEFENSE**
**(Defense – Other)**

The Capital One Defendants provide notice that they intend to rely upon any additional defenses that become available or apparent during discovery, and reserve their right to amend this pleading and to assert such additional defenses or, if appropriate, delete any of the above-delineated defenses as discovery proceeds.

WHEREFORE, the Capital One Defendants deny that they infringe or have infringed any valid and enforceable claim of the '271, '081, '409, '002, and '084 patents.  The Capital One Defendants further deny that Plaintiffs are entitled to any judgment against the Capital One Defendants whatsoever.  The Capital One Defendants ask that Plaintiffs' Complaint be dismissed with prejudice, that judgment be entered for the Capital One Defendants, and/or that the Capital One Defendants be awarded their attorneys' fees, expenses, and costs incurred in defending against Plaintiffs' Complaint, together with such other relief the Court deems appropriate.

**COUNTERCLAIMS**

Pursuant to Federal Rule of Civil Procedure 13, Defendants and Capital One Counterclaim-Plaintiffs Financial Corporation, Capital One Bank (USA), N.A., and Capital One, N.A. (collectively "Capital One" or "Capital One Counterclaim-Plaintiffs") allege the following against Plaintiffs and Counterclaim-Defendants Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively "IV"):

**PARTIES**

1.      Capital One Financial Corporation is a Delaware corporation with its corporate headquarters and principal place of business in McLean, Virginia.

13

2.      Capital One Bank (USA), N.A. is a national bank with its principal place of business located in Glen Allen, Virginia.

3.      Capital One, N.A. is a national bank with its principal place of business in McLean, Virginia.

4.      Intellectual Ventures I LLC ("IV I") has alleged in its Complaint that IV I is a Delaware limited liability company with its principal place of business in Bellevue, Washington.

5.      Intellectual Ventures II LLC ("IV II") has alleged in its Complaint that IV II is a Delaware limited liability company with its principal place of business in Bellevue, Washington.

## JURISDICTION AND VENUE

6.      Subject to the affirmative defenses and denials set forth above, this Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202.

7.      IV has submitted to the personal jurisdiction of this Court by, without limitation, bringing the present action alleging infringement of the Patents-in-Suit.

8.      To the extent the underlying action brought by IV against Capital One proceeds in this judicial district, then venue as to these counterclaims is proper in this judicial district pursuant to, without limitation, 28 U.S.C. §§ 1391(b) and 1391(c).

9.      Capital One denies IV's claims of infringement of U.S. Patent Nos. 6,819,271; 7,984,081; 6,314,409; 6,546,002; and 6,715,084.

10.     An actual controversy has arisen and now exists between Capital One and IV as to the noninfringement, invalidity, and unenforceability of U.S. Patent Nos. 6,819,271; 7,984,081; 6,314,409; 6,546,002; and 6,715,084.

**COUNTERCLAIM COUNT ONE**
**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,819,271)**

11.     The Capital One Counterclaim-Plaintiffs repeat and re-allege the allegations of the preceding Paragraphs 1-10 of these Counterclaims as if fully set forth herein.

12.     IV I purports to be the owner and assignee of all right, title and interest in and to U.S. Patent No. 6,819,271 ("the '271 Patent").  IV I has sued Capital One in the present action, alleging infringement of the '271 Patent.

13.     The Capital One Counterclaim-Plaintiffs are not infringing, and have not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid, enforceable claim of the '271 Patent.

14.     Thus, an immediate, real and justiciable controversy exists between IV I, on the one hand, and Capital One, on the other hand, with respect to the alleged infringement of the '271 Patent.

15.     The Capital One Counterclaim-Plaintiffs are entitled to a declaratory judgment that they have not and do not infringe, directly or indirectly, any valid, enforceable claim of the '271 Patent.

**COUNTERCLAIM COUNT TWO**
**(Declaratory Judgment of Invalidity and Unenforceability of U.S. Patent No. 6,819,271)**

16.     The Capital One Counterclaim-Plaintiffs repeat and re-allege the allegations of the preceding Paragraphs 1-10 of these Counterclaims as if fully set forth herein.

17.     IV I purports to be the owner and assignee of all right, title and interest in and to the '271 Patent.  IV I has sued Capital One in the present action, alleging infringement of the '271 Patent.

18.     Capital One denies that the '271 Patent is valid and asserts that the claims of the '271 Patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, Sections 101, 102, 103, and/or 112.

19.     The claims of the '271 Patent are also unenforceable for at least the reasons stated in Capital One's defenses, herein incorporated by reference.

20.     Thus, an immediate, real and justiciable controversy exists between IV I, on the one hand, and Capital One, on the other hand, with respect to the alleged validity and/or enforceability of the '271 Patent.

21.     The Capital One Counterclaim-Plaintiffs are entitled to a declaratory judgment that the claims of the '271 Patent are invalid and unenforceable.

## COUNTERCLAIM COUNT THREE
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,984,081)

22.     The Capital One Counterclaim-Plaintiffs repeat and re-allege the allegations of the preceding Paragraphs 1-10 of these Counterclaims as if fully set forth herein.

23.     IV I purports to be the owner and assignee of all right, title and interest in and to U.S. Patent No. 7,984,081 ("the '081 Patent").  IV I has sued Capital One in the present action, alleging infringement of the '081 Patent.

24.     The Capital One Counterclaim-Plaintiffs are not infringing, and have not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid, enforceable claim of the '081 Patent.

25.     Thus, an immediate, real and justiciable controversy exists between IV I, on the one hand, and Capital One, on the other hand, with respect to the alleged infringement of the '081 Patent.

26. The Capital One Counterclaim-Plaintiffs are entitled to a declaratory judgment that they have not and do not infringe, directly or indirectly, any valid, enforceable claim of the '081 Patent.

## COUNTERCLAIM COUNT FOUR
### (Declaratory Judgment of Invalidity and Unenforceability of U.S. Patent No. 7,984,081)

27. The Capital One Counterclaim-Plaintiffs repeat and re-allege the allegations of the preceding Paragraphs 1-10 of these Counterclaims as if fully set forth herein.

28. IV I purports to be the owner and assignee of all right, title and interest in and to the '081 Patent.  IV I has sued Capital One in the present action, alleging infringement of the '081 Patent.

29. Capital One denies that the '081 Patent is valid and asserts that the claims of the '081 Patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, Sections 101, 102, 103, and/or 112.

30. The claims of the '081 Patent are also unenforceable for at least the reasons stated in Capital One's defenses, herein incorporated by reference.

31. Thus, an immediate, real and justiciable controversy exists between IV I, on the one hand, and Capital One, on the other hand, with respect to the alleged validity and/or enforceability of the '081 Patent.

32. The Capital One Counterclaim-Plaintiffs are entitled to a declaratory judgment that the claims of the '081 Patent are invalid and unenforceable.

## COUNTERCLAIM COUNT FIVE
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,314,409)

33. The Capital One Counterclaim-Plaintiffs repeat and re-allege the allegations of the preceding Paragraphs 1-10 of these Counterclaims as if fully set forth herein.

34.     IV II purports to be the owner and assignee of all right, title and interest in and to U.S. Patent No. 6,314,409 ("the '409 Patent").  IV II has sued Capital One in the present action, alleging infringement of the '409 Patent.

35.     The Capital One Counterclaim-Plaintiffs are not infringing, and have not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid, enforceable claim of the '409 Patent.

36.     Thus, an immediate, real and justiciable controversy exists between IV II, on the one hand, and Capital One, on the other hand, with respect to the alleged infringement of the '409 Patent.

37.     The Capital One Counterclaim-Plaintiffs are entitled to a declaratory judgment that they have not and do not infringe, directly or indirectly, any valid, enforceable claim of the '409 Patent.

## COUNTERCLAIM COUNT SIX
### (Declaratory Judgment of Invalidity and Unenforceability of U.S. Patent No. 6,314,409)

38.     The Capital One Counterclaim-Plaintiffs repeat and re-allege the allegations of the preceding Paragraphs 1-10 of these Counterclaims as if fully set forth herein.

39.     IV II purports to be the owner and assignee of all right, title and interest in and to the '409 Patent.  IV II has sued Capital One in the present action, alleging infringement of the '409 Patent.

40.     Capital One denies that the '409 Patent is valid and asserts that the claims of the '409 Patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, Sections 101, 102, 103, and/or 112.

41.     The claims of the '409 Patent are also unenforceable for at least the reasons stated in Capital One's defenses, herein incorporated by reference.

42.     Thus, an immediate, real and justiciable controversy exists between IV II, on the one hand, and Capital One, on the other hand, with respect to the alleged validity and/or enforceability of the '409 Patent.

43.     The Capital One Counterclaim-Plaintiffs are entitled to a declaratory judgment that the claims of the '409 Patent are invalid and unenforceable.

### COUNTERCLAIM COUNT SEVEN
**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,546,002)**

44.     The Capital One Counterclaim-Plaintiffs repeat and re-allege the allegations of the preceding Paragraphs 1-10 of these Counterclaims as if fully set forth herein.

45.     IV II purports to be the owner and assignee of all right, title and interest in and to U.S. Patent No. 6,546,002 ("the '002 Patent").  IV II has sued Capital One in the present action, alleging infringement of the '002 Patent.

46.     The Capital One Counterclaim-Plaintiffs are not infringing, and have not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid, enforceable claim of the '002 Patent.

47.     Thus, an immediate, real and justiciable controversy exists between IV II, on the one hand, and Capital One, on the other hand, with respect to the alleged infringement of the '002 Patent.

48.     The Capital One Counterclaim-Plaintiffs are entitled to a declaratory judgment that they have not and do not infringe, directly or indirectly, any valid, enforceable claim of the '002 Patent.

**COUNTERCLAIM COUNT EIGHT**
**(Declaratory Judgment of Invalidity and Unenforceability of U.S. Patent No. 6,546,002)**

49.     The Capital One Counterclaim-Plaintiffs repeat and re-allege the allegations of the preceding Paragraphs 1-10 of these Counterclaims as if fully set forth herein.

50.     IV II purports to be the owner and assignee of all right, title and interest in and to the '002 Patent.  IV II has sued Capital One in the present action, alleging infringement of the '002 Patent.

51.     Capital One denies that the '002 Patent is valid and asserts that the claims of the '002 Patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, Sections 101, 102, 103, and/or 112.

52.     The claims of the '002 Patent are also unenforceable for at least the reasons stated in Capital One's defenses, herein incorporated by reference.

53.     Thus, an immediate, real and justiciable controversy exists between IV II, on the one hand, and Capital One, on the other hand, with respect to the alleged validity and/or enforceability of the '002 Patent.

54.     The Capital One Counterclaim-Plaintiffs are entitled to a declaratory judgment that the claims of the '002 Patent are invalid and unenforceable.

**COUNTERCLAIM COUNT NINE**
**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,715,084)**

55.     The Capital One Counterclaim-Plaintiffs repeat and re-allege the allegations of the preceding Paragraphs 1-10 of these Counterclaims as if fully set forth herein.

56.     IV II purports to be the owner and assignee of all right, title and interest in and to U.S. Patent No. 6,715,084 ("the '084 Patent").  IV II has sued Capital One in the present action, alleging infringement of the '084 Patent.

57.     The Capital One Counterclaim-Plaintiffs are not infringing, and have not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid, enforceable claim of the '084 Patent.

58.     Thus, an immediate, real and justiciable controversy exists between IV II, on the one hand, and Capital One, on the other hand, with respect to the alleged infringement of the '084 Patent.

59.     The Capital One Counterclaim-Plaintiffs are entitled to a declaratory judgment that they have not and do not infringe, directly or indirectly, any valid, enforceable claim of the '084 Patent.

### COUNTERCLAIM COUNT TEN
**(Declaratory Judgment of Invalidity and Unenforceability of U.S. Patent No. 6,715,084)**

60.     The Capital One Counterclaim-Plaintiffs repeat and re-allege the allegations of the preceding Paragraphs 1-10 of these Counterclaims as if fully set forth herein.

61.     IV II purports to be the owner and assignee of all right, title and interest in and to the '084 Patent.  IV II has sued Capital One in the present action, alleging infringement of the '084 Patent.

62.     Capital One denies that the '084 Patent is valid and asserts that the claims of the '084 Patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, Sections 101, 102, 103, and/or 112.

63.     The claims of the '084 Patent are also unenforceable for at least the reasons stated in Capital One's defenses, herein incorporated by reference.

64.     Thus, an immediate, real and justiciable controversy exists between IV II, on the one hand, and Capital One, on the other hand, with respect to the alleged validity and/or enforceability of the '084 Patent.

65.     The Capital One Counterclaim-Plaintiffs are entitled to a declaratory judgment that the claims of the '084 Patent are invalid and unenforceable.

## RELIEF REQUESTED

WHEREFORE, the Capital One Counterclaim-Plaintiffs respectfully request the following relief:

A.     That IV take nothing on their Complaint;

B.     That IV's Complaint be dismissed with prejudice and that all relief requested by IV be denied with prejudice;

C.     That the Court find and declare that the Capital One Counterclaim-Plaintiffs have not infringed and do not infringe in any manner any valid, enforceable claim of the Patents-in-Suit;

D.     That the Court find and declare that each claim of the Patents-in-Suit is invalid, void, unenforceable, and without any force or effect against the Capital One Counterclaim-Plaintiffs and their officers, employees, agents and attorneys, or any of them;

E.     That the Court find and declare this to be an exceptional case under 35 U.S.C. § 285, and that the Court award the Capital One Counterclaim-Plaintiffs their reasonable attorneys' fees;

F.     That the Court award to the Capital One Counterclaim-Plaintiffs their costs and expenses associated with this case, together with interest; and

G.     That the Court award to the Capital One Counterclaim-Plaintiffs such further relief, in law or in equity, as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Capital One Counterclaim-Plaintiffs demand a trial by jury on all issues properly triable to a jury.

**CAPITAL ONE FINANCIAL CORPORATION**
**CAPITAL ONE BANK (USA), N.A.**
**CAPITAL ONE, N.A.**


By: _/s/  Mary C. Zinsner_____
Mary C. Zinsner (Bar No. 11763)
mary.zinsner@troutmansanders.com
TROUTMAN SANDERS LLP
1850 Towers Crescent Plaza, Ste. 500
Tysons Corner, Virginia 22182
Telephone:  (703) 734-4334
Facsimile:  (703) 734-4340

Robert A. Angle (*pro hac vice* to be filed)
robert.angle@troutmansanders.com
Dabney J. Carr, IV (*pro hac vice* to be filed)
dabney.carr@troutmansanders.com
Nicholas R. Klaiber (*pro hac vice* to be filed)
nicholas.klaiber@troutmansanders.com
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia  23219
Telephone: (804) 697-1246
Facsimile: (804) 698-5124

Paul E. McGowan (*pro hac vice* to be filed)
paul.mcgowan@troutmansanders.com
TROUTMAN SANDERS LLP
600 Peachtree St., N.E., Suite 5200
Atlanta, Georgia  30308
Telephone: (404) 885-3270
Facsimile: (404) 962-6842

Matthew J. Moore (*pro hac vice* to be filed)
matthew.moore@lw.com
Adam M. Greenfield (*pro hac vice* to be filed)
adam.greenfield@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC  20004-1304
Telephone:  (202) 637-2200
Facsimile:  (202) 637-2201

Jeffrey G. Homrig (*pro hac vice* to be filed)
jeff.homrig@lw.com

23

LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA  92025-1008
Telephone:  (650) 328-4600
Facsimile:  (650) 463-2600

Clement J. Naples (*pro hac vice* to be filed)
clement.naples@lw.com
LATHAM & WATKINS LLP
885 Third Avenue
New York, New York  10022
Telephone:  (212) 906-1200
Facsimile:  (212) 751-4864

Kristopher R. Davis (*pro hac vice* to be filed)
kris.davis@lw.com
LATHAM & WATKINS LLP
233 South Wacker Drive, Suite 5800
Chicago, IL  60606
Telephone:  (312) 876-7653
Facsimile:  (312) 993-9767

*Attorneys for Defendants, Capital One Financial Corporation, Capital One Bank (USA), N.A. and Capital One, N.A.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 6th day of February, 2014, I filed the foregoing with the Clerk

of the Court, which will send a Notice of Electronic Filing to all registered counsel listed below:

Clayton Thompson
Ian F. Feinberg
M. Elizabeth Day
Marc C. Belloli
Yakov Zolotorev
Feinberg Day Alberti & Thompson LLP
1600 El Camino Real, Suite 280
Menlo Park, CA  94025
Telephone:  (650) 618-4364
Facsimile:  (650) 618-4368
cthompson@feinday.com
ifeinberg@feinday.com
eday@feinday.com
nbelloli@feinday.com
yzolotorev@feinday.com

Michael Edward McCabe, Jr.
Funk and Bolton PA
36 S Charles Ste 12th Fl
Baltimore, MD 21201
Tel:  4106597700
Fax: 4106597773
Email: mmccabe@fblaw.com

*Counsel for Plaintiffs Intellectual Ventures I LLC*
*and Intellectual Ventures II LLC*

/s/      Mary C. Zinsner
Mary C. Zinsner (Bar No. 11763)
mary.zinsner@troutmansanders.com
TROUTMAN SANDERS LLP
1850 Towers Crescent Plaza, Ste. 500
Tysons Corner, Virginia 22182
Telephone:  (703) 734-4334
Facsimile:  (703) 734-4340

Robert A. Angle (VSB No. 37691)
robert.angle@troutmansanders.com
Dabney J. Carr, IV (VSB No. 28679)
dabney.carr@troutmansanders.com
Nicholas R. Klaiber (VSB No. 80563)
nicholas.klaiber@troutmansanders.com
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia  23219
Telephone: (804) 697-1246
Facsimile: (804) 698-5124

Paul E. McGowan (*pro hac vice* to be filed)
paul.mcgowan@troutmansanders.com
TROUTMAN SANDERS LLP
600 Peachtree St., N.E., Suite 5200
Atlanta, Georgia  30308
Telephone: (404) 885-3270
Facsimile: (404) 962-6842

Matthew J. Moore (*pro hac vice* to be filed)
matthew.moore@lw.com
Adam M. Greenfield (*pro hac vice* to be filed)
adam.greenfield@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC  20004-1304
Telephone:  (202) 637-2200
Facsimile:  (202) 637-2201

Jeffrey G. Homrig (*pro hac vice* to be filed)
jeff.homrig@lw.com
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA  92025-1008
Telephone:  (650) 328-4600
Facsimile:  (650) 463-2600

Clement J. Naples (*pro hac vice* to be filed)
clement.naples@lw.com
LATHAM & WATKINS LLP
885 Third Avenue
New York, New York  10022
Telephone:  (212) 906-1200
Facsimile:  (212) 751-4864

Kristopher R. Davis (*pro hac vice* to be filed)
kris.davis@lw.com
LATHAM & WATKINS LLP
233 South Wacker Drive, Suite 5800
Chicago, IL  60606
Telephone:  (312) 876-7653
Facsimile:  (312) 993-9767