Jeffrey G. Homrig
Direct Dial: +1.650.463.2622
jeff.homrig@lw.com

140 Scott Drive
Menlo Park, California 94025
Tel: +1.650.328.4600  Fax: +1.650.463.2600
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Abu Dhabi | Milan |
| Barcelona | Moscow |
| Beijing | Munich |
| Boston | New Jersey |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Doha | Riyadh |
| Dubai | Rome |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Shanghai |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tokyo |
| Los Angeles | Washington, D.C. |
| Madrid | |

**LATHAM & WATKINS LLP**

April 13, 2015

<u>VIA E-MAIL</u>

Raphael V. Lupo, Special Master
1178 Orlo Drive
McLean, VA  22102
T: (703) 472-5900
E: rlupoiplaw@gmail.com

Re:   *Intellectual Ventures I LLC, et al. v. Capital One Financial Corp., et al.*,
      <u>Case No. 8:14cv111-PWG (D. Md.)</u>

Dear Mr. Lupo:

Capital One hereby responds to the four questions asked by the Special Master on April 8, 2015, regarding the parties' motions for summary judgment under 35 U.S.C. § 101. This response is organized by patent.

**I.  <u>U.S. Patent No. 6,314,409 (the '409 patent)</u>**

1) With respect to Capital One's MSJ, is there an illustrative claim for each of the four patents where all asserted claims in each patent will stand or fall with the Court's decision on the 35 U.S.C. § 101 ruling?  If so, please identify it.

Yes.  Claim 6 is representative of the asserted claims with respect to § 101.

2) Is the invention as claimed in each claim (or representative claim) for each patent, directed to an "abstract idea"?

Yes.

3) If a party's answer is "yes" to question no. 2, identify the "abstract idea" and explain how, if at all, it is involved in the claimed invention.

The abstract idea is: protecting and distributing data such that each and every access to an unprotected form of the protected data is limited in accordance with unspecified rules. IV's proposed construction of access mechanism—"hardware and/or software for controlling access to data"—confirms that the access mechanism is generic hardware/software and lacks any inventive component. The abstract idea is both the object and principal ingredient of the alleged invention. The only other component is an "access mechanism" that, according to the claims, enforces the rules.

> 4) If a party's answer is "yes" to question no. 2, explain how, if at all, the "abstract idea" is "transformed" into an inventive claimed concept.

The abstract idea is not transformed into an inventive concept. The claims specify no defined structure or operation for the "access mechanism," requiring only that it enforce rules. In other words, the claim limitations, taken either individually or collectively, do not specify how to achieve the idea, leaving both the idea and the "access mechanism" conceptual and, indeed, aspirational.

## II. U.S. Patent No. 7,984,081 (the '081 patent)

> 1) With respect to Capital One's MSJ, is there an illustrative claim for each of the four patents where all asserted claims in each patent will stand or fall with the Court's decision on the 35 U.S.C. § 101 ruling? If so, please identify it.

Yes. Claim 21 is representative of the asserted claims with respect to § 101.

> 2) Is the invention as claimed in each claim (or representative claim) for each patent, directed to an "abstract idea"?

Yes.

> 3) If a party's answer is "yes" to question no. 2, identify the "abstract idea" and explain how, if at all, it is involved in the claimed invention.

The abstract idea is: organizing and modifying data relating to documents. This idea is the object of the alleged invention and is reflected throughout the claims (e.g., "organizes," "identifies," "maps," "organizes," "defines," "detects modification," and "modifies" limitations).

> 4) If a party's answer is "yes" to question no. 2, explain how, if at all, the "abstract idea" is "transformed" into an inventive claimed concept.

The abstract idea is not transformed into an inventive concept. The balance of the claim consists of a field-of-use restriction (XML), generic computer hardware/software components (e.g., "processor," "component," and "user interface"), and functional identifications of documents and data types. Considered individually, these limitations are simply conventional computing structures and concepts; the combination of these limitations with the abstract idea does not result in an inventive concept because the totality remains conceptual and result-oriented. Like the other patents at issue, the '081 patent claims do not specify how the idea must be put into practice.

### III. U.S. Patent No. 6,546,002 (the '002 patent)

1) With respect to Capital One's MSJ, is there an illustrative claim for each of the four patents where all asserted claims in each patent will stand or fall with the Court's decision on the 35 U.S.C. § 101 ruling? If so, please identify it.

Yes. Claim 9 is representative of the asserted claims with respect to the *Alice* § 101 analysis. Note that claims 34 and 37 are not directed to one of the permissible statutory categories (i.e., process, machine, manufacture, or composition of matter) and so are also invalid under § 101 for this independent reason.

2) Is the invention as claimed in each claim (or representative claim) for each patent, directed to an "abstract idea"?

Yes.

3) If a party's answer is "yes" to question no. 2, identify the "abstract idea" and explain how, if at all, it is involved in the claimed invention.

The abstract idea is: retrieving user-specific information using pointers. This idea is both the object and primary action of the alleged invention as claimed.

4) If a party's answer is "yes" to question no. 2, explain how, if at all, the "abstract idea" is "transformed" into an inventive claimed concept.

The abstract idea is not transformed into an inventive concept. The remaining claim limitations consist of conceptually-claimed elements (e.g., "mobile interface"), generic and conventional computing limitations (e.g., displaying the mobile interface on a device, using "pointers"), and—at most—a limitation to a particular technological environment (e.g., "pointers," local device, network server). These conventional components perform their usual computing functions and do not, either individually or combined with the abstract idea, result in an inventive concept. Moreover, the claims do not specify what a "mobile interface" is, how it works, or how it carries out or contributes to the abstract idea. It is merely a conceptual addendum to the abstract idea. Thus, viewing the claim elements individually and in combination, the claims do not claim an application of the abstract idea.

### IV. U.S. Patent No. 6,715,084 (the '084 patent)

1) With respect to Capital One's MSJ, is there an illustrative claim for each of the four patents where all asserted claims in each patent will stand or fall with the Court's decision on the 35 U.S.C. § 101 ruling? If so, please identify it.

Yes. Claims 15 and 18 are representative of the asserted claims with respect to § 101.

2) Is the invention as claimed in each claim (or representative claim) for each patent, directed to an "abstract idea"?

Yes.

3) If a party's answer is "yes" to question no. 2, identify the "abstract idea" and explain how, if at all, it is involved in the claimed invention.

The abstract idea is: analyzing data from multiple sources in some unspecified way to detect an anomaly and using some unspecified pattern correlations to determine targets likely to be affected by the anomaly. This idea comprises the principal limitations of the alleged invention as claimed and, according to the patent, includes the alleged advancement over prior systems (data from multiple sources).

4) If a party's answer is "yes" to question no. 2, explain how, if at all, the "abstract idea" is "transformed" into an inventive claimed concept.

The abstract idea is not transformed into an inventive concept. As explained in the specification, the alleged invention essentially gathers existing data produced by systems across multiple data streams and performs analysis that, while unspecified in the claims, includes conventional pattern correlation analysis. Apart from the abstract idea, the claim includes computing limitations that the specification itself describes as "conventional" (e.g., firewall, computer, intrusion detection techniques), as well as post-solution steps (e.g., alerting devices, updating firewall). Here again, neither individually nor collectively do the claim elements specify how data entering into multiple data sources must be analyzed to detect an anomaly, or what kinds of pattern correlation are used to determine devices that are anticipated to be affected. Instead, the claims are vague, result-oriented, and aspirational. Consequently, they fail to claim an application of the abstract idea.

Respectfully,

*/s/ Jeffrey G. Homrig*

Jeffrey G. Homrig
of LATHAM & WATKINS LLP

cc: Service List