**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |  |
|---|---|---|
| | * | |
| **INTELLECTUAL VENTURES I LLC,** *et al.,* | * | |
| **Plaintiffs,** | * | **Case No.: PWG-14-111** |
| **v.** | * | |
| **CAPITAL ONE FINANCIAL CORP.,** *et al.,* | * | |
| | * | |
| **Defendants.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

The ongoing patent litigation between Plaintiffs/Counter-Defendants Intellectual Ventures I LLC and Intellectual Ventures II LLC (together, "Intellectual Ventures companies" or "IV") and Defendants/Counterclaimants Capital One Financial Corp., Capital One Bank (USA), N.A., and Capital One, N.A. (collectively, "Capital One companies"), based on the Capital One companies' alleged infringement of four IV patents, now includes three antitrust counterclaims in the Capital One Companies' Third Amended Answer and Counterclaims, ECF Nos. 107 (sealed), 196 (redacted). *See* Mar. 2, 2015 Mem. Op. & Order, ECF Nos. 194, 195 (granting leave to file Third Amended Answer and Counterclaims). The Counterclaimants allege that the Intellectual Ventures companies have amassed monopoly power in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2, and Section 7 of the Clayton Act, 15 U.S.C. § 18. The Counter-Defendants have moved to dismiss the counterclaims, raising largely the same arguments they presented in their opposition to the Capital One companies' motion to amend to add these three

counterclaims.[1]  Indeed, the Counter-Defendants acknowledge the similarity, stating that "[i]f the Court's evaluation of the motion for leave to amend was based on the Rule 12(b)(6) standard that applies to this motion, then aspects of the motion will presumably meet a similar fate," but the Intellectual Ventures companies have filed the motion nonetheless because they "had an obligation to respond to the amended counterclaim" and, "[i]f they are not successful in achieving dismissal of the counterclaims by way of this motion, the Plaintiffs intend to seek mandamus relief from the Federal Circuit."  Counter-Defs.' Reply 1–2.  Insofar as the motion to dismiss raises the same arguments as the opposition to the Capital One companies' motion for leave to amend, it is denied for the reasons stated in the Court's March 2, 2015 Memorandum Opinion.

The Intellectual Ventures companies do raise one new argument:  They contend that, given that "Plaintiffs are separate legal entities," and the Capital One companies' allegations of agency and alter ego are "conclusory," the Counterclaimants cannot "establish the existence of a single 3,500 patent portfolio."  Counter-Defs.' Mem. 9.  In the Intellectual Ventures companies' view, "[t]he agency relationships Capital One attempts to allege would not justify comingling of the assets held by the respective purported principals and agents, much less combining the respective patent portfolios owned by Intellectual Ventures I LLC and Intellectual Ventures II LLC."  *Id.*  Additionally, they argue that the Capital One companies' allegations that "all of the Counter-Defendants 'are alter egos of one another,'" made "'on information and belief' and with

---

[1] The parties have briefed the motion fully.  ECF Nos. 225, 225-1, 242 & 282.  A hearing is not necessary.  *See* Loc. R. 105.6.  Counterclaimants also filed a Motion to Seal, ECF No. 243, requesting that their Opposition, which contains confidential business information, be sealed. Given that Counter-Defendants do not oppose the motion to seal; the opposition contains confidential business information; and Counterclaimants filed a redacted version for the public, ECF No. 244, the Motion to Seal IS GRANTED.  Although the Opposition is sealed, I have determined, after reviewing this Memorandum Opinion, that none of its contents warrants sealing this Memorandum Opinion.

no supporting facts" are "not sufficient" and "should be stricken.  *Id.* at 9–10 (quoting Third Am. Ans. & Countercls. ¶ 12).  They insist that "[t]he pleaded facts demonstrate the existence of at least two separate portfolios that cannot, under the allegations of the counterclaim, be treated as one." Counter-Defs.' Reply 2.

As Counterclaimants see it, the Intellectual Ventures companies' new argument "makes no sense" because "'IV use[s] its 2,000 shell companies to fraudulently conceal its acquisition and ownership of the vast majority of patents in its financial-services portfolio."  Countercls.' Opp'n 5 (quoting Countercls. ¶ 216).  Yet, they do not explain their reference to the two plaintiffs as one entity.  The Capital One companies also contend that the Intellectual Ventures companies' argument is "misplaced" because Counterclaimants "direct [their] agency and alter ego allegations at the *new* IV entities named in its counterclaims. . . to establish personal jurisdiction over them, not the IV entities that brought this motion."  *Id.*  Counterclaimants otherwise do not address Counter-Defendants' argument that they are separate entities with separate patent portfolios, such that there combined portfolios cannot represent a monopoly. Counterclaimants will brief this issue, in fifteen pages or less, by July 22, 2015.  Counter-Defendants may file a reply on this issue, in fifteen pages or less, on or before August 12, 2015.

## **ORDER**

Accordingly, it is, this <u>1st</u> day of <u>July,</u> <u>2015</u>, hereby ORDERED that

1.  The Intellectual Ventures companies' Motion to Dismiss, ECF No. 225, IS DENIED;

2.  The Capital One companies' Motion to Seal, ECF No. 243, IS GRANTED;

3.  The Capital One companies shall brief the issue of whether the Intellectual Ventures companies are separate companies with separate portfolios in fifteen pages or less by

July 22, 2015, and the Intellectual Ventures companies may file a reply on this issue,

in fifteen pages or less, on or before August 12, 2015; and

4.   The Intellectual Ventures companies' Motion to Strike, ECF No. 225, REMAINS

PENDING.


_____/S/_____
Paul W. Grimm
United States District Judge

lyb