**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |  |
|---|---|---|
| **INTELLECTUAL VENTURES I LLC,** *et al.*, | * | |
| Plaintiffs, | * | Case No.: PWG-14-111 |
| v. | * | |
| **CAPITAL ONE FINANCIAL CORP.,** *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

In *Intellectual Ventures v. JPMC*, Case No. 13-3777-AKH, 2015 WL 1941331 (S.D.N.Y. Apr. 29, 2015) ("*JPMC*"), the United States District Court for the Southern District of New York recently entered an order of patent invalidity under 35 U.S.C. § 101 ("the *JPMC* Order"). The ruling was against Plaintiffs/Counter-Defendants Intellectual Ventures I LLC and Intellectual Ventures II LLC (together, "Intellectual Ventures companies" or "IV"), also plaintiffs in that action, as to two patents at issue in this litigation, United States Patent No. 6,314,409 ("the '409 Patent") and United States Patent No. 6,715,084 ("the '084 Patent"). In this Court, Defendants/Counterclaimants Capital One Financial Corp., Capital One Bank (USA), N.A., and Capital One, N.A. (collectively, "Capital One companies" or "Defendants"), not parties to *JPMC*, move for summary judgment in their favor as to these two patents' validity under the doctrine of issue preclusion, based on the *JPMC* Order.

The parties fully briefed the issue, ECF Nos. 297, 300, 303; Special Master Raphael V. Lupo addressed it in his June 11, 2015 Report and Recommendation ("R&R"), ECF No. 315;

and the parties briefed their responses to Mr. Lupo's R&R regarding issue preclusion, ECF Nos. 324, 330, 335.[1] I have reviewed the record and decided *de novo* the Capital One companies' objections to the findings of facts and conclusions of law regarding issue preclusion, pursuant to Fed. R. Civ. P. 53(f)(3)–(4). Because I find that the *JPMC* Order was a final judgment for issue preclusion purposes, I will conclude that issue preclusion provides a basis for judgment in the Capital One companies' favor on the '084 and the '409 Patents, and I will sustain the Capital One companies' objections to the R&R.

I.   SUMMARY JUDGMENT STANDARD

Summary judgment is proper when the moving party demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c)(1)(A); *see Baldwin v. City of Greensboro*, 714 F.3d 828, 833 (4th Cir. 2013). If the party seeking summary judgment demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify evidence that shows that a genuine dispute exists as to material facts. *See Celotex v. Catrett*, 477 U.S. 317 (1986). A "genuine" dispute of material fact is one where the conflicting evidence creates "fair doubt"; wholly speculative assertions do not create "fair doubt." *Cox v. Cnty. of Prince William*, 249 F.3d 295, 299 (4th Cir. 2001); *see also Miskin, v. Baxter Healthcare Corp.*, 197 F. Supp. 2d 669, 671 (D. Md. 1999). And, the existence of only a "scintilla of evidence" will not defeat a motion for summary judgment. *Anderson v. Liberty*

---

[1] *See* ECF No. 143 (Order Appointing Special Master ¶ 4, providing for objections to be filed in accordance with Rule 53(f), responses to objections to be filed within fourteen days thereafter, and replies within seven days thereafter). A hearing is not necessary. *See* Loc. R. 105.6.

*Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). Instead, the evidentiary materials submitted must show facts from which the finder of fact reasonably could find for the party opposing summary judgment. *Id.*

## II. ISSUE PRECLUSION

> The doctrine of collateral estoppel, or issue preclusion, prevents "the relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom [issue preclusion] is asserted had a full and fair opportunity to litigate." *Virginia Hosp. Ass'n[] v. Baliles*, 830 F.2d 1308, 1311 (4th Cir. 1987). The Federal Circuit has held that it will "apply the law of the regional circuit to the general procedural question of whether issue preclusion applies[,]" but applies Federal Circuit precedent to substantive issues of patent law. *Soverain Software LLC v. Victoria's Secret Direct Brand Management, LLC*, 778 F.3d 1311, 1314 (Fed. Cir. 2015); *RF Delaware, Inc. v. Pacific Keystone Technologies, Inc.*, 326 F.3d 1255, 1261 (Fed. Cir. 2003).
>
> The Fourth Circuit has held that for collateral estoppel or issue preclusion to apply, the party asserting the doctrine must establish the following five elements:
>> (1) the issue or fact is identical to the one previously litigated;
>> (2) the issue or fact was actually resolved in the prior proceeding;
>> (3) the issue or fact was critical and necessary to the judgment in the prior proceeding;
>> (4) the judgment in the prior proceeding is final and valid; and
>> (5) the party to be foreclosed by the prior resolution of the issue or fact had a full and fair opportunity to litigate the issue or fact in the prior proceeding.
>
> *Microsoft Corporation Antitrust Litigation,* 355 F.3d 322, 326 (4th Cir. 2004) (emphasis added); *Ramsey v. US Immigration & Naturalization Service*, 14 F.3d 206, 210 (4th Cir. 1994) . . . .

R&R 8–9.[2]

Here, Defendants challenge the R&R's conclusion that collateral estoppel does not bar litigation of these two patents because the judgment was not final. Defs.' Obj. 4; *see* R&R 9.

---

[2] Neither party objects to the Special Master's presentation of the legal standard. Defs.' Obj. 2–3; Pls.' Resp. I note that "collateral estoppel [is an] affirmative defense that must be pleaded," *Blonder–Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 350 (1971) (citing Fed. R. Civ. P. 8(c)), and Defendants pleaded estoppel in their Third Amended Answer. ECF No. 196.

The Special Master reasoned that the *JPMC* Order, which granted JPMC summary judgment as to three of the five patents at issue in that case, was "the grant of a partial summary judgment and therefore not final and appealable." R&R 11. He noted that "Plaintiffs have not asked that Court to enter judgment under Rule 54(b), nor has the JPMC court certified the order [for appeal] *sua sponte*," and "the JPMC court did not direct the entry of a separate judgment." *Id*. He also observed that the *JPMC* Order "possibly may never be appealable," because it "could be revised or vacated at any time before the court enters a judgment in the entire case," and "the parties could settle the case in a manner that provides some recognition of the two patents (*i.e.*, some form of a licensing agreement that affords one or both of those patents some recognition of validity)." *Id.* at 12.

Few Fourth Circuit cases offer guidance on what constitutes a final judgment for purposes of collateral estoppel. Notably, in the numerous cases I have reviewed, the Fourth Circuit does not equate collateral estoppel finality with Rule 54(b) finality or appealability, and it distinguishes between the requirements for collateral estoppel and those for res judicata. *See Orca Yachts, L.L.C. v. Mollicam, Inc.*, 287 F.3d 316, 318 (4th Cir. 2002) ("[W]hile issue preclusion applies only when an issue has been actually litigated, claim preclusion requires only a valid and final judgment." (citing *Restatement (Second) of Judgments* §§ 17, 27 (1980))); *see also Cannon v. Wells Fargo Bank, N.A.*, No. PWG-13-1324, 2014 WL 672687, at *13 (D. Md. Feb. 20, 2014) (noting that "'[u]nlike claim preclusion, the effectiveness of issue preclusion, sometimes called collateral estoppel, does not require the entry of a judgment, final in the sense of being appealable.'" (quoting *First Jersey Nat'l Bank v. Brown (In re Brown)*, 951 F.2d 564, 569 (3d Cir. 1991))).

A useful discussion of finality for collateral estoppel purposes appears in *Swentek v. USAIR, Inc.*, 830 F.2d 552 (4th Cir. 1987), *abrogated on other grounds as recognized in Mikels v. City of Durham, N.C.*, 183 F.3d 323, 329 n.4 (4th Cir. 1999), on which Defendants rely. The Special Master is correct that the circumstances were different in *Swentek*. In *Swentek*, as the Special Master observed, the trial court applied collateral estoppel to bar the relitigation of facts on which findings had been made in "*the same, single litigation between the same parties*." R&R 12–13 (emphasis in R&R). Yet, whether the litigation is the same and whether both parties are the same is not determinative for purposes of collateral estoppel analysis. *See Microsoft Corporation Antitrust Litigation,* 355 F.3d 322, 326 (4th Cir. 2004). And, even if *Swentek* is procedurally inapposite, the case is informative nonetheless.

In *Swentek*, the plaintiff lodged a Title VII claim against her employer and three state law tort claims against a co-worker. *Swentek*, 830 F.2d at 554. The judge heard the Title VII claim, finding for the employer, while a jury heard the tort claims, finding for Swentek only on her claim for emotional distress. *Id.* at 556. Swentek and the co-worker defendant both moved for a new trial, and the judge granted the defendant's motion for a new trial as to the emotional distress claim only. *Id.* A second judge presided and held that the jury verdicts on the other two tort claims collaterally estopped the plaintiff from submitting certain evidence. *Id.* Thereafter, he directed a verdict for the defendant. *Id.*

Swentek appealed, arguing, *inter alia*, that "collateral estoppel [was] inappropriate in th[e] case because the jury's and trial judge's findings in the first trial were not final judgments." *Id.* at 560. The court observed that Rule 54(b), pursuant to which judgment on fewer than all claims may be entered as a final judgment to permit an appeal, is intended "to protect against piecemeal appeals when multiple claims are resolved during the course of a single lawsuit." *Id.*

5

at 560–61. It reasoned that requiring the entry of a judgment under Rule 54(b) and waiting for an appeal "before assigning the prior jury determinations preclusive effect," instead of proceeding with the case and applying collateral estoppel to prevent the relitigation of already-decided issues, "would dictate the very piecemeal appeals—with the attendant drain on resources—that Rule 54(b) was designed to prevent." *Id*. at 561. The Fourth Circuit held:

> it was within the discretion of the trial court to inquire at the partial new trial whether the parties had a full and fair opportunity to litigate the particular matter. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322 (1979). Collateral estoppel is appropriate where the identical issue was "actually litigated, that is, contested by the parties and submitted for determination by the court," where the issue was "actually and necessarily determined by a court of competent jurisdiction," and where preclusion does not work an unfairness in the second trial. *Otherson v. Department of Justice*, 711 F.2d 267, 273 (D.C. Cir. 1983). As long as the prior adjudication of the identical issue is conclusive, we see no reason to require the issue to be tried again because it lacked the formality of an express order and a "no just reason for delay" determination. *See Alexander v. Chicago Park District*, 773 F.2d 850, 855 (7th Cir. 1985); *O'Reilly v. Malon*, 747 F.2d 820, 823 (1st Cir. 1984); *Chemetron Corp. v. Business Funds, Inc.*, 682 F.2d 1149, 1191 (5th Cir. 1982) *vacated on other grounds*, 460 U.S. 1007 (1983). Finality for purposes of collateral estoppel is a flexible concept and "may mean little more than that the litigation of a particular issue has reached such a stage that a court sees no really good reason for permitting it to be litigated again." *Lummus Co. v. Commonwealth Oil Refining Co.*, 297 F.2d 80, 89 (2d Cir. 1961); *Restatement (Second) of Judgments* ¶ 13 (1982).

*Id*. at 561–62; *see also ePlus, Inc. v. Lawson Software, Inc.*, ---- F.3d ----, 2015 WL 3772472, at *19 (Fed. Cir. 2015) (O'Malley, J., dissenting) ("[F]inality often may be applied less strictly for preclusion purposes than for purposes of appeal . . . . *See Miller Brewing Co. v. Joseph Schlitz Brewing Co.*, 605 F.2d 990, 996 (7th Cir. 1979) ("To be 'final' for purposes of collateral estoppel the decision need only be immune, as a practical matter, to reversal or amendment. 'Finality' in the sense of 28 U.S.C. § 1291 is not required."); *see also Syverson v. Int'l Bus. Mach. Corp.*, 472 F.3d 1072, 1079 (9th Cir. 2007); *Henglein v. Colt Indus. Operating Corp.*, 260 F.3d 201, 209–10 (3d Cir. 2001) ("[W]e commented that finality for purposes of issue preclusion is a more 'pliant' concept than it would be in other contexts."); *Swentek v. USAIR, Inc.*, 830 F.2d

552, 561 (4th Cir. 1987) ("Finality for purposes of collateral estoppel is a flexible concept....") . . . ; *Pye v. Dep't of Transp. of Georgia*, 513 F.2d 290, 292 (5th Cir. 1975) ("To be final a judgment does not have to dispose of all matters involved in a proceeding."); *Zdanok v. Glidden Co.*, 327 F.2d 944, 955 (2d Cir. 1964).

Also relevant is the one case I found in which the Fourth Circuit addressed the finality of a partial summary judgment order: *Saudi v. Ship Switzerland, S.A.*, 93 F. App'x 516 (4th Cir. 2004) (unpublished). There, in an admiralty and maritime personal injury action in the Southern District of Texas, one of multiple defendants, Osprey, had moved for summary judgment on the general negligence claims brought against it. *See Saudi v. S/T/Marine Atl.*, 2001 WL 893871, at *1–2 (S.D. Tex. Feb. 20, 2011), *aff'd*, 2003 WL 22838776 (5th Cir. 2003). The trial court granted Osprey's motion, leaving three causes of action, asserted against other defendants, pending. *Id.* at *6–7. The plaintiff then filed suit in this Court, bringing negligence and premises liability claims against defendants that included Automar, Osprey's parent company. *See Saudi*, 93 F. App'x at 517. This Court granted summary judgment in Automar's favor, reasoning that *res judicata* barred the relitigation of the negligence claims previously decided in favor of Automar's subsidiary. *Id.* at 518, 519. Affirming the district court on appeal, albeit considering the propriety of a *res judicata* holding, not a collateral estoppel holding, the Fourth Circuit stated that "the Texas district court clearly reached a final decision on the merits when it granted Osprey's motion for summary judgment against Saudi on Saudi's maritime negligence and unseaworthiness claims." *Id.* at 520. Thus, the Fourth Circuit considered a partial summary judgment order to be a final judgment. *See id.*

The issue of the finality of a partial summary judgment order on patent validity has arisen in the Federal Circuit. In *Vardon Golf Co. v. Karsten Manufacturing Corp.*, 294 F.3d 1330, 1331

7

(Fed. Cir. 2002), the Federal Circuit considered whether a partial summary judgment order in a prior case that the defendant had not infringed two claims of the plaintiff's patent "collaterally estopped Vardon from bringing a new action against Karsten based on certain claims of Vardon's reissue patent." The Federal Circuit applied Seventh Circuit issue preclusion law, under which "in order '[t]o be "final" for purposes of collateral estoppel the decision need only be immune, as a practical matter, to reversal or amendment,'" and "the possibility of appeal contributes directly to this determination of finality." *Id*. at 1333 (citation omitted). It concluded that the prior, interlocutory decision which had not been certified under Rule 54(b) "clearly was not 'immune . . . to reversal or amendment." *Id*. at 1334. Yet, given the Fourth Circuit's holdings in *Swentek* and *Saudi* (which did not adopt the Seventh Circuit's "immune, as a practical matter, to reversal or amendment" test), the Seventh Circuit standard does not apply.

More persuasive is *Dana v. E.S. Originals, Inc.*, 342 F.3d 1320, 1321 (Fed. Cir. 2003), in which the Federal Circuit considered Eleventh Circuit law to determine whether a partial summary judgment order of patent enforceability in a prior suit against the defendants precluded the defendants from challenging the patent's validity in the pending suit. The prior suit ended in a settlement in which the parties agreed that "the partial summary judgment orders '[would] have no collateral estoppel or res judicata effect with respect to or in favor of any third party,' but added that the court '[took] no position with respect to this intent.'" *Id*. at 1322 (quoting agreement). Under Eleventh Circuit law, the standard for issue preclusion differs from the Fourth Circuit's, as the Eleventh Circuit does not include the fourth element, the final and valid judgment, *id.* at 1323, which, here, is central to the analysis. Notwithstanding that standard, the court considered whether the partial summary judgment order was a final order for issue preclusion purposes. Quoting on *Restatement (Second) of Judgments* § 13 & cmt. g, which the

8

Fourth Circuit cited in *Swentek*, *see supra*, and in *Hunter Douglas Inc. v. Sheet Metal Workers Int'l Ass'n, Local 159*, 714 F.2d 342, 346 (4th Cir. 1983), the Federal Circuit observed that "'for purposes of issue preclusion ... final judgment includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect,'" and that "[t]he test for finality is whether the prior decision was 'adequately deliberated and firm' or 'avowedly tentative,' and whether the parties were fully heard in the prior proceeding." *Dana*, 342 F.3d at 1323.

Moreover, the Federal Circuit has stated that, in the realm of patent litigation, "the legal standard for determining whether a patentee is collaterally estopped from asserting its alleged patent right was established by the Supreme Court in *Blonder–Tongue*." *Pharmacia & Upjohn Co. v. Mylan Pharmas., Inc.*, 170 F.3d 1373, 1379 (Fed. Cir. 1999) (citing *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313 (1971)). Under the *Blonder–Tongue* streamlined analysis, collateral estoppel can be asserted defensively "by one facing a charge of infringement of a patent that has once been declared invalid." *Blonder–Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 323–24, 350 (1971). Thus, "'once the claims of a patent are held invalid in a suit involving one alleged infringer, an unrelated party who is sued for infringement of those claims may reap the benefit of the invalidity decision under the principles of collateral estoppel.'" *Pharmacia*, 170 F.3d at 1379 (quoting summary of *Blonder–Tongue* holding in *Mendenhall v. Barber–Greene Co.*, 26 F.3d 1573, 1577, 31 USPQ2d 1001, 1003 (Fed. Cir. 1994); *see Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC*, 778 F.3d 1311, 1315 (Fed. Cir. 2015) (same). In holding that defensive collateral estoppel is available to alleged patent infringers, the Supreme Court reasoned that the "number of recent, significant examples of repeated litigation of the same patent" and the fact that "patent trials . . . tend to be of

disproportionate length" made such a defense all the more necessary. *Blonder–Tongue*, 402 U.S. at 330, 348; *see also id.* at 329, 334–48 (discussing length and cost of patent litigation).

In the *Blonder–Tongue* analysis, "whether the party against whom an estoppel is asserted had a full and fair opportunity to litigate" its patent is of utmost significance and is "not a simple matter." *Id.* at 329. To make this determination, the court should consider "choice of forum and incentive to litigate" and the standard that the trial court applied to assess the patent, among other factors, but "no one set of facts, no one collection of words or phrases, will provide an automatic formula for proper rulings on estoppel pleas," and "[i]n the end, decision will necessarily rest on the trial courts' sense of justice and equity." *Id.* at 333–34.

Here, the thirty-two page *JMPC* Order includes a comprehensive analysis of both the '409 and '084 Patents' validity under § 101. It is labeled "ORDER AND OPINION GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT," and it dismisses the claims with respect to those patents, thereby fully resolving the issues with regard to those patents. *See JPMC* Order 1, 32. The court issued it after receiving and reviewing the parties' briefings and exhibits, *id.* at 1–7, and holding a hearing, *see* Defs.' Obj. 7–8. Thus, the *JPMC* Order is a final order for purposes of issue preclusion. *See Swentek*, 830 F.2d at 561–62; *Restatement (Second) of Judgments* § 13 & cmt. G; *Hunter Douglas Inc.*, 714 F.2d at 346; *Dana*, 342 F.3d at 1323. Moreover, through the briefing, hearing, and presentation of exhibits on summary judgment, Plaintiffs clearly "had a full and fair opportunity to litigate," standing before the *JPMC* Court in the same posture that they now stand before this Court. *Blonder–Tongue*, 402 U.S. at 329, 333–34. The Capital One companies are entitled to judgment in their favor on the '084 and the '409 Patents on the basis of issue preclusion. *See Swentek*, 830 F.2d at 561–62; *Restatement (Second) of Judgments* § 13 & cmt. G; *Hunter Douglas Inc.*, 714 F.2d at 346; *Dana*, 342 F.3d at 1323.

Plaintiffs, in their Response to Defendants' Objection to the R&R, assert for the first time that issue preclusion is not a bar because the *JPMC* Order did not address identical issues, as it did not invalidate claims 15 and 18 of the '084 Patent. Pls.' Resp. 14–15. Plaintiffs also argue that "the record here is far more comprehensive than what was before the court in the JPMC case," as Plaintiffs have presented expert testimony and Defendants have presented deposition testimony. *Id*. at 15. But, in the Objection that Plaintiffs filed to the R&R, ECF No. 325, Plaintiffs did not address issue preclusion or lodge any objection to the Special Master's issue preclusion analysis. Rather, they only raise this issue, after the deadline for objections, in response to Defendants' objection. *See* Fed. R. Civ. P. 53(f)(2) ("A party may file objections to . . . the master's order, report, or recommendations no later than 21 days after a copy is served, unless the court sets a different time."); Order Appointing Special Master ¶ 4; ECF No. 157 (Order setting deadline for parties to file objections simultaneously), 165 (same). An objection that is not timely presented to the Court is waived. *See In re Under Seal*, 749 F.3d 276 (4th Cir. 2014) (noting also that "'an objection on one ground does not preserve objections based on different grounds'") (quoting *United States v. Massenburg*, 564 F.3d 337, 342 n.2 (4th Cir. 2009))). Therefore, I will not consider this objection. *See id.*

Because I have determined that the Capital One Defendant have prevailed on their collateral estoppel affirmative defense, I need not reach the issues regarding the Special Master's conclusion that the '409 and '084 Patents are invalid pursuant to 35 U.S.C. § 101.

## ORDER

Accordingly, it is, this 4th day of September, 2015, hereby ORDERED that

1. The Capital One companies' objections, ECF No. 324, to the June 11, 2015 Report and Recommendation as it pertains to issue preclusion, ARE SUSTAINED;

2. The June 11, 2015 Report and Recommendation, ECF No. 315, IS REJECTED as it pertains to issue preclusion;

3. Defendants' Motion for Summary Judgment, ECF No. 147, IS GRANTED as to the '409 and '084 Patents on the basis of issue preclusion;

4. Plaintiffs' Motion for Summary Judgment, ECF No. 169, IS DENIED as to the '409 and '084 Patents; and

5. In light of this ruling, it is not necessary either to rule on the objections to the June 11, 2015 Report and Recommendation as it pertains to patent invalidity or to adopt or reject the Report and Recommendation as it pertains to patent invalidity.

/S/
Paul W. Grimm
United States District Judge

lyb